UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NANCY HODGKINS and C.H., by her next friend and natural parent NANCY HODGKINS, each on their own behalf and on behalf of those similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BART PETERSON, in his official capacity as Mayor of the City of Indianapolis, Indiana, FRANK J. ANDERSON, in his official capacity as Marion County Sheriff, CARL BRIZZI, in his official capacity as Marion County Prosecutor,<br><br>　　　　Defendants,<br><br>　　and<br><br>STATE OF INDIANA,<br><br>　　　　Intervenor. | 1:04-CV-569-JDT-TAB |

**PRELIMINARY INJUNCTION PROHIBITING ENFORCEMENT OF INDIANA'S JUVENILE CURFEW LAW**

In its Entry On Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Strike Expert Testimony, the court set forth its Findings of Fact and Conclusions of Law, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, and concluded that Indiana's juvenile curfew law, Indiana Code §§ 31-37-3-2 through 31-37-3-3.5, violates the fundamental due process rights of parents. Given this conclusion, the Plaintiffs have demonstrated: (1) a likelihood of success on the merits, (2) no adequate remedy at law, (3) irreparable harm, (4) the balance of harms favors an

injunction, and (5) an injunction will serve the public interest. Accordingly, the Plaintiffs' Motion for Preliminary Injunction is **GRANTED**. It is now therefore **ORDERED** that until further order of the court the Defendants are enjoined from enforcing Indiana's juvenile curfew law, Indiana Code §§ 31-37-3-2 through 31-37-3-3.5, which reads as follows:

### 31-37-3-2 Children fifteen through seventeen years of age

Sec. 2. (a) It is a curfew violation for a child fifteen (15), sixteen (16), or seventeen (17) years of age to be in a public place:

> (1) between 1 a.m. and 5 a.m. on Saturday or Sunday;
> (2) after 11 p.m. on Sunday, Monday, Tuesday, Wednesday, or Thursday; or
> (3) before 5 a.m. on Monday, Tuesday, Wednesday, Thursday, or Friday.

(b) A law enforcement officer may not detain a child or take a child into custody based on a violation of this section unless the law enforcement officer, after making a reasonable determination and considering the facts and surrounding circumstances, reasonably believes that:

> (1) the child has violated this section; and
> (2) there is no legal defense to the violation.

### 31-37-3-3 Child less than fifteen years of age

Sec. 3. (a) It is a curfew violation for a child less than fifteen (15) years of age to be in a public place after 11 p.m. or before 5 a.m. on any day.

(b) A law enforcement officer may not detain a child or take a child into custody based on a violation of this section unless the law enforcement officer, after making a reasonable determination and considering the facts and surrounding circumstances, reasonably believes that:

> (1) the child has violated this section; and
> (2) there is no legal defense to the violation.

### 31-37-3-3.5 Defenses

Sec. 3.5. (a) It is a defense to a violation under this chapter that the child was emancipated:

>      (1) under IC 31-37-19-27 or IC 31-6-4-15.7 (before its repeal);
>      (2) by virtue of having married; or
>      (3) in accordance with the laws of another state or jurisdiction;
>
> at the time that the child engaged in the prohibited conduct.
>
> (b) It is a defense to a violation under this chapter that the child engaged in the prohibited conduct while:
>
>      (1) accompanied by the child's parent, guardian, or custodian;
>      (2) accompanied by an adult specified by the child's parent, guardian, or custodian;
>      (3) participating in, going to, or returning from:
>           (A) lawful employment;
>           (B) a school sanctioned activity;
>           (C) a religious event;
>           (D) an emergency involving the protection of a person or property from an imminent threat of serious bodily injury or substantial damage;
>           (E) an activity involving the exercise of the child's rights protected under the First Amendment to the United States Constitution or Article 1, Section 31 of the Constitution of the State of Indiana, or both, such as freedom of speech and the right of assembly; or
>           (F) an activity conducted by a nonprofit or governmental entity that provides recreation, education, training, or other care under the supervision of one (1) or more adults; or
>      (4) engaged in interstate or international travel from a location outside Indiana to another location outside Indiana.

Because there is no realistic likelihood of harm to the Defendants from enjoining enforcement of Indiana's juvenile curfew law, no security bond shall be required.

ALL OF WHICH IS ORDERED this 23rd day of July 2004.

_____
John Daniel Tinder, Judge
United States District Court

Electronic copies to:

Kenneth J. Falk
Indiana Civil Liberties Union
ken.falk@iclu.org

Mark Jason Crandley
Office of Corporation Counsel
mcrandle@indygov.org

Thomas M. Fisher
Indiana State Attorney General
tfisher@atg.state.in.us

Anthony W. Overholt
Office of Corporation Counsel
aoverhol@indygov.org